IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | Civ. No. 05-3003-WEB |
| v. | ) | Crim. No. 02-10010-01-WEB |
| | ) | |
| YGNACIO ZABALZA, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| | ) | |

**Memorandum and Order**

This matter is before the court on Defendant-Petitioner Ygnacio Zabalza's motion for relief pursuant to 28 U.S.C. § 2255. The court has reviewed the briefs and the file. Because these materials conclusively show the defendant is not entitled to relief, the court finds that no hearing on the matter is required.

I. *Background*.

Defendant Ygnacio Zabalza was charged in a two-count Indictment filed February 6, 2002. Count 1 charged him with unlawful possession of over 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, while Count 2 charged that he unlawfully destroyed a vehicle by fire, in violation of 18 U.S.C. § 844(i). Doc. 1. Defendant's retained counsel filed numerous motions on his behalf, including a motion to suppress evidence. Doc. 24. On May 8, 2002, the Government filed an information of prior conviction pursuant to 21 U.S.C. § 851, the effect of which was to subject defendant to a potential mandatory minimum sentence of 10 years imprisonment and a maximum possible sentence of life imprisonment on Count 1. After an evidentiary hearing, the court entered an order

on July 10, 2002 denying the defendant's motion to suppress evidence.  Doc. 51.  The court found that defendant had been lawfully stopped by a Kansas Highway Patrol Trooper and that the Trooper had lawfully discovered the presence of a large store of marijuana in the trunk of defendant's vehicle.  A short time after the court's ruling, defendant's retained counsel moved to withdraw and the court appointed a new attorney to represent the defendant.  On August 27, 2002, defendant entered a plea of guilty to Count 1 of the Indictment pursuant to a plea agreement with the Government.  Docs. 62, 63.  The plea was a conditional one reserving the defendant's right to appeal the court's denial of his motion to suppress evidence.

On November 4, 2002, the defendant appeared for sentencing.  No objections to the Presentence Report were filed by the defendant, although he did assert an oral objection at the sentencing hearing, which the court denied.  The court then sentenced the defendant to the statutory minimum sentence of 10 years imprisonment on Count 1.

Defendant filed a direct appeal challenging this court's ruling on his motion to suppress.  The Tenth Circuit Court of Appeals affirmed the judgment, finding that the stop and search of the defendant's vehicle by the Trooper were lawful.  *See United States v. Zabalza*, 346 F.3d 1255 (10th Cir. 2003).

II.  *Defendant's 2255 Motion for Relief.*

Section 2255 of Title 28 of the U.S.Code permits a prisoner in custody under a federal sentence to move to vacate, correct or set aside the sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack.

Defendant now asserts the following arguments in his § 2255 motion: (1) he was denied the right to effective assistance of counsel because his attorney failed to ensure that he was sentenced based on the weight of the marijuana involved without the extra weight of the packaging; (2) he was denied the effective assistance of counsel because his retained attorney colluded with the U.S. Attorney with respect to a missing original tape recording of the traffic stop; (3) the Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 296 (2004) should be applied to his sentence; (4) he was denied effective assistance of counsel at sentencing because his attorney did not seek a "mitigating role" reduction under the guidelines; and (5) he was denied effective assistance of counsel because his attorney failed to raise issues on appeal despite defendant's request that he do so.  *See* Doc. 82.

III.  *Discussion*.

"To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial."  *See United States v. Cook*, 45 F .3d 388, 392 (10th Cir.1995) (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (applying Strickland test to ineffective assistance of counsel challenges to guilty pleas).  The courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U .S. at 689.  Counsel is not ineffective for failing to advance a futile argument. See *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

Defendant's allegations of ineffective assistance of counsel above fail to satisfy either portion of the *Strickland* test.  His argument that his attorney should have insisted on further analysis of the weight of the marijuana is unavailing.  As an initial matter, defendant has not shown that his counsel's failure to take such

3

a step was anything other than a legitimate tactical decision undertaken to ensure the benefit of the plea agreement with the Government.[1]  Nor has he cited anything to reasonably suggest that such a step would have made a difference.  Defendant admitted under oath at the plea hearing that the weight of the marijuana was over one hundred kilograms after the court explained to him that the Government would have to prove that fact in order to obtain a conviction on Count 1.  Defendant now cites a laboratory report and a Kansas Highway Patrol Evidence Receipt which he claims cast doubt on whether the marijuana in fact weighed more than 100 kilos.  The Highway Patrol Evidence Receipt prepared by the Trooper stated that the marijuana was "approx 255 pounds."  The Chemist's lab report, on the other hand, states that the bundles weighed 115.3 kilos (i.e., about 253 pounds).  Defendant claims this shows there was "great ambiguity" concerning the actual weight of the marijuana.  This difference is trivial, however, and in no way casts reasonable doubt on the finding that the weight of the marijuana was at least 100 kilos.  Defendant also claims that the weight of the packaging material (described in the lab report as "clear cellophane and wood-grain shelf paper") might have been sufficient to bring the total weight of  marijuana below 100 kilos.  The lab report cited by defendant indicates that the packaging material for the entire load was not separated and weighed, but one sample bundle was measured and tested.  The sample bundle was found to have a gross weight of 1,018 grams and a net weight of 906.7 grams.  As defendant points out, this could suggest that the packaging materials might have accounted for as much as 11% of the gross weight of the bundles.

---

[1] By virtue of the plea agreement the defendant obtained the dismissal of Count 2 of the Indictment, which carried a mandatory minimum sentence of 5 years imprisonment and a maximum possible sentence of 20 years imprisonment.  The evidence presented at the suppression hearing showed that the Government had overwhelming evidence of the defendant's guilt as to Count 2 inasmuch as the episode was captured on videotape.

*Cf. United States v. Clouts*, 966 F.2d 1366, 1371 (10th Cir. 1992) (affirming finding as to amount of marijuana based on agent's estimate that packaging material accounted for 8% of weight, as opposed to standard 5%, where the marijuana was packaged "in cellophane and some in heavier contact paper."). Such evidence still does not demonstrate a reasonable probability of prejudice, however, as an 11% reduction from the total gross weight (115.3 kilograms) would still show that the marijuana mixture alone weighed over 102 kilograms.[2]

Defendant's other arguments fare no better. He claims his retained attorney somehow "colluded with" the U.S. Attorney concerning the original videotape of defendant's traffic stop, although he does not explain this allegation and cites nothing to support it. The court notes that defendant's retained counsel had the original videotape of the traffic stop examined by an expert witness during pre-trial proceedings, but the examination produced no evidence that the tape had been altered in any way. Defendant next argues that the Supreme Court's *Blakely v. Washington* decision should be applied to his case. The law is well established in this circuit, however, that neither *Blakely v. Washington* nor *United States v. Booker*, 543 U.S. 220 (2005) apply retroactively to cases on collateral review. *See United States v. Price,* 400 F.3d 844, 849 (10th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005). Defendant's fourth argument is that his attorney was ineffective for failing to seek a "mitigating role" reduction under Section 3B1.2 of the U.S. Sentencing Guidelines. But because defendant was subject to a mandatory 10-year minimum sentence under 21 U.S.C. § 841(b)(1)(B), a reduction for mitigating role could have made no difference in his sentence. Lastly, defendant argues that his attorney was ineffective

---

[2] Defendant erroneously argues in his Reply Brief that an 11% offset for packaging material would result in a net weight of 97.49 kilos of marijuana. Doc. 94 at p. 2.

for failing to raise certain issues on direct appeal, but the only issue he specifically identifies is the one above relating to a mitigating role adjustment. Doc. 82 at 20. As indicated above, raising that issue on appeal would have had no effect on the sentence. In sum, the file and the record show conclusively the defendant has stated no grounds that would entitle him to relief.

IV. *Conclusion*.

Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (Doc. 81) is DENIED. Moreover, because defendant has failed to make a substantial showing of the denial of a constitutional right, it is further ordered that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 is hereby DENIED.

IT IS SO ORDERED this __28th__ Day of December, 2005, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge